**STARR et, Plaintiffs, v. LINZELL, DIRECTOR OF HIGHWAYS, Defendant.**

Common Pleas Court, Licking County.

No. 41526. Decided May 23, 1955.

J. Dale McNamar and Harold E. Rutledge, Newark, on behalf of plaintiffs.

Hugh E. Kirkwood, Jr., and Fred G. Reiners, Assistant Attorneys General, Columbus, on behalf of defendant.

## OPINION

By HOLTSBERRY, J.

This action is for injunction against S. O. Linzell, as Director of Highways, State of Ohio. The plaintiffs own the service station and bus station at the northwest corner of the intersection of State Route 16 and County Road 26 (Summit Station Road) Licking County, Ohio.

Plaintiffs and their predecessors in title, their customers and the public, have had unlimited access thereto for more than 25 years. Valuable improvements for business purposes have been made in the past by the owners of said real estate with reference to the existing and present access and grade of said State and County roads.

The Director now proposes to construct along said business, an obstruction, barrier or so called island which will consist of concrete and extend about 80 feet along the front of the business on the State route and will extend several feet around the corner of said County road northerly. The barricade will be one-half foot in heighth and four feet in width.

The effect of the proposed barricade or island is admittedly a limitation of access to and from the business. The Director claims some safety features will be effected by limiting the access.

It is conceded that neither highway is a limited access highway as defined under §5535.02 R. C. and that the Director does not propose to pay anything to the property owners. Further the Director has taken no action by resolution such as is done as a legal requirement in appropriation proceedings according to the testimony of F. J. Felty, Right of Way Administrator.

In addition to the evidence offered in the court room, by agreement of all attorneys, this Court was taken to said business property; highway workers and officials placed lime where the obstruction or island was proposed, and among other things a display was made of automobiles entering and leaving the station under various circumstances, conditions and directions.

It was further uncontroverted that the design of the obstruction or so called island was that an area would be provided to erect a stop sign and that after the obstruction there would still remain certain access at the west end and on the east end of plaintiff's property at locations other than such as would be blocked off by the construction.

Another way of putting it might be to say that the plaintiffs are "quarantined" at the main door, but they can still go through side entrances with the added inconvenience.

The director contends he can do this construction under "police power" within the limits of an existing highway without regard to the law or damages or compensation to an abutting property owner. It must be remembered that this is not the ordinary type of safety island which we are familiar with over the State, but that the admitted purpose of this construction is to limit and prohibit ingress and egress at the points where it would be constructed.

The inescapable facts this Court must reach are that this construction directly impairs the owners' access, molests a property enjoyment, and the convenience of access is materially diminished proximately constituting an unconstitutional encroachment resulting in damage to the property owner direct and not remote.

On April 13, 1955, the Ohio Supreme Court in **State ex rel v. Linzell, 163 Oh St 97**, held that an owner of property abutting on a public highway, possesses, as a matter of law, not only the right to the use of the highway in common with other members of the public, but also a private right or easement for the purpose of ingress and egress to and from his property, which latter right may not be taken away or destroyed or substantially impaired without compensation therefor. This Court further held such right to be existant with respect to an existing highway, but further held that an owner would not be entitled to compensation if the highway had been relocated at a point somewhere else.

With respect to "police power" and the taking of property rights or interference without compensation, see **Ohio Constitution, Article 1, section 19; Smith et, v. Erie Railroad Company, 134 Oh St 571; In re Claim of Kincade, 95 Oh Ap 329.**

Under the circumstances herein injunction is a proper remedy for the landowner. See **15 O. Jur., p. 1049, sec. 391; 25 O. Jur., p. 1017, 38; 21 O. Jur., p. 1022, Sec. 27.**

To hold otherwise would make the property owners of Ohio servants of the Director of Highways rather than the Director being the servant of the people of Ohio, and paid by the people of Ohio.

It is true that convenience of traffic and the safety of travelers along highways must be given great consideration, but these things cannot defeat the rights of property owners without their being adequately compensated as safeguarded and required by our Constitution, Legislative Enactments, and Judicial decisions.

Therefore, on the ground that the Director has not attempted to take the area of the barricade, obstruction, or so called island, as provided by the Constitution and statutes of Ohio, the injunction is granted.